IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK RYAN SCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-12-860-C |
| ) | |
| ) | |
| MARVIN VAUGHN, Warden at ) | |
| W.S.K.C.C., State of Oklahoma, ) | |
| ) | |
| Respondent. ) | |

**ORDER OF DISMISSAL**

Petitioner filed the present action pursuant to 28 U.S.C. § 2241, complaining that he is being wrongfully held as his conviction was invalid for various reasons. Petitioner also challenges certain of the conditions of his confinement. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Shon T. Erwin. Judge Erwin entered a Report and Recommendation on October 17, 2012, to which Petitioner has timely objected. The facts and law are accurately set out in Judge Erwin's Report and Recommendation and there is no purpose to be served in repeating them yet again. The Court will, however, address two issues not made clear by Judge Erwin.

First, to the extent Petitioner brings his action pursuant to 28 U.S.C. § 2241, it is improperly brought. As Judge Erwin notes, Petitioner raises three challenges to his sentence. Each attacks the validity of the conviction rather than its execution. Accordingly, Petitioner's case must be considered pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions

under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted).  Judge Erwin analyzed Petitioner's action under governing § 2254 law and correctly determined it was a second or successive Petition.  Judge Erwin then considered whether transfer or dismissal was appropriate, ultimately deciding on dismissal.  The Court finds this decision thorough and well reasoned and adopts it in full.

The second issue not addressed by Judge Erwin is those portions of the case where Petitioner challenges the conditions of his confinement.  Petitioner argues that his transfer to his current facility violates his Eighth and Fourteenth Amendment rights because he has a conflict with another inmate housed at that facility.  Petitioner also complains of problems with the staff and his legal materials.  Neither of these complaints can be pursued in a § 2241 action.  See McIntosh, 115 F.3d 811-12.  Rather, Petitioner must raise those issues in a 42 U.S.C. § 1983 action.  Therefore, dismissal of the action is proper.

The arguments raised by Petitioner in his Objection are either without merit or were thoroughly addressed and resolved by Judge Erwin in the Report and Recommendation and the Court finds no error in Judge Erwin's reasoning.  The Court adopts in full Judge Erwin's determination that this action is a second or successive habeas action and that the interests of justice do not warrant transfer to the Tenth Circuit.  Accordingly, dismissal is the appropriate disposition.

For the reasons set forth herein, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 11), and for the reasons announced

therein, dismisses this petition for habeas corpus relief without prejudice. A judgment will enter accordingly.

    IT IS SO ORDERED this 31st day of October, 2012.

ROBIN J. CAUTHRON
United States District Judge